# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CRAIG THARP** | : | **DOCKET NO. 2:05-cv-1026** <br> **Section P** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **WARDEN J. P. YOUNG** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court are a petition for writ of *habeas corpus* [doc. 1] and a "Motion for Home Confinement" [doc. 2] filed by *pro se* petitioner, Craig Tharp, on June 13, 2005. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

The petition contains no factual allegations nor requests any specific relief. The petitioner merely identifies the basis of his petition as a challenge to "conditions of confinement, 8th Amendment violation." Attached to the petition are copies of the responses to the administrative grievances he filed while incarcerated in the Federal Correctional Institute in Texarkana, Texas. From these BOP responses, it appears as if the petitioner requested narcotic pain medication which was denied, that he is dissatisfied with and has refused the medication offered to treat his pain, and that he is no receiving treatment for Hepatitis C because the BOP determined that he was not a candidate for treatment according to their criteria. The response from the National Inmate Appeals Administrator is dated May 3, 2004. Sometime after completing the administrative remedy

procedure, the petitioner was transferred to FCI-Oakdale.[1]

In the separate "Motion for Home Confinement" [doc. 2] filed in conjunction with petition, the petitioner alleges additional facts and requests that the court order his home confinement for the last 6 months of his 51 month sentence. The petitioner states that his request for a change in his custody status is being made "so that he can immediately receive long overdue medical treatments for Hepatitis C."

## LAW AND ANALYSIS

Federal law authorizes the BOP to designate the place of an inmate's imprisonment and to place an inmate in a non-prison site (such as a Community Corrections Center or home confinement) during the last portion of his prison sentence in order to give the inmate an opportunity to adjust to and prepare for re-entry into the community. 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c). However, it does not appear from the petition or the "Motion for Home Confinement" that the petitioner has presented his request for home confinement to the BOP through the available administrative remedies.[2]

---

[1] Despite the fact that the petition contains elements similar to those found in civil rights cases, the undersigned finds that this petition is properly classified as an *habeas corpus* matter because petitioner is seeking his immediate relief from custody.
  Further, to the extent that the court could have construed the petition as a civil rights claim filed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 91 S.Ct. 1999 (1971), the claim would be subject to dismissal. Initially the court notes that this is not the proper venue for such a claim because the medical treatment addressed in the administrative remedy procedure occurred in Texas. Secondly, the court notes the petition fails to make any factual allegations against any individually named defendant which would implicate the U.S. Constitution.
  To the extent that the court could have construed the petition as a claim under the Federal Tort Claims Act claim for tortious medical treatment, such claim would also be subject to dismissal. Assuming that petitioner's administrative grievances filed with the BOP are sufficient to satisfy the exhaustion requirements of the FTCA, petitioner did not file suit in federal court within six months of the denial by the agency. Accordingly, he would be barred from proceeding in federal court on a tort claim against the United States for the claims of inadequate medical treatment presented to the agency. 28 U.S.C. §§ 2401(b).

[2] Petitioner is evidently aware of the administrative remedy procedure because he pursued relief through that avenue when seeking further and/or different medical treatment at FCI-Texarkana.

The United States Court of Appeals, Fifth Circuit, has held that a petitioner seeking *habeas corpus* relief under 28 U.S.C. § 2241 is required to exhaust his administrative remedies. *Rourke v. Thompson*, 11 F.3d 47 (5th Cir. 1993). In *Rourke* the court stated:

> [T]his court has determined that a § 2241 petitioner "must first exhaust his administrative remedies through the Bureau of Prisons." *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); see also *Lundy v. Osborn*, 555 F.2d 534, 534-535 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself by a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994), quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985). However, the exceptions apply only in extraordinary cases, and the petitioner bears the burden of establishing his entitlement to one of these exceptions. Petitioner has failed to do so.

There is no question that there are administrative remedies available which are appropriate for the relief sought. The Bureau of Prisons[3] has promulgated rules and regulations through which an inmate may seek formal review of a complaint regarding any aspect of his imprisonment, including complaints regarding pre-release detention pursuant to 18 U.S.C. § 3624(c). *See* 28 C.F.R. § 542.10 et seq.; *United States v. Washington*, 2004 WL 764184 (E.D.La. 2004). Under the BOP's administrative remedy procedure, the prisoner must submit a formal written request to the Warden on the appropriate form (BP-9). *See* 28 CFR § 542.14. The intermediate appeal in the administrative process is to the Regional Director (BP-10), and the final appeal in the administrative process is to the Office of General Counsel (BP-11). *See* 28 C.F.R. § 542.15 ("Appeal to the Office of General Counsel

---

[3]In the administration of federal prisoners, primary responsibility for supervision is delegated by statute to the Bureau of Prisons under the direction of the Attorney General. 18 U.S.C. § § 4001 and 4042.

is the final administrative appeal in the Bureau of Prisons"); *See also Shah v. Quinlin*, 901 F.2d 1241, 1243 (5th Cir. 1990)(outlining the administrative procedure).

Accordingly,

IT IS RECOMMENDED that the petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of September, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE